**CLIFTON v. ALLEN.**

**MAY v. ALLEN.**

Civ. Nos. 754, 755.

United States District Court
M. D. Georgia.
Macon Division.

Jan. 10, 1952.

Albert E. Mayer, Atlanta, Ga., Jos. W. Popper, Macon, Ga., for plaintiffs.

John P. Cowart, U. S. Atty., Macon, Ga., Lyle M. Turner, Sp. Asst. to Atty. Gen., for defendant.

DAVIS, Chief Judge.

Since the facts and applicable law involved are identical, these two cases will be treated together. The Findings and Conclusions below shall govern both cases.

Findings of Fact.

1.

On March 31, 1944, American Art Metals Company, a Georgia corporation, was dissolved and completely liquidated. The assets of the corporation were distributed to the two stockholders thereof in direct proportion to their stock ownership. At that time 55% of the stock was owned by W. L. Clifton, Jr. and 45% of it was owned by Maurice May. The receipt of these assets was properly reflected in the 1944 income tax returns of the transferees.

**2.**

After the dissolution and liquidation of American Art Metals Company, the defendant recommended an additional assessment of income and excess profits taxes against the company for the years 1943 and 1944. The correctness of such proposed assessment was denied but an agreement was reached on May 18, 1945, whereby the corporation was assessed additional income and excess profits taxes for the years 1943 and 1944, in the amount of $10,034.10. In addition, the State of Georgia assessed additional income taxes against the company for the years 1943 and 1944 in the amount of $612.28.

**3.**

At the time of the additional assessments by the Commissioner of Internal Revenue and by the State of Georgia, the American Art Metals Company had no assets with which to pay said assessments, and the stockholders as transferees became liable for such additional taxes. The dissolution and liquidation of the corporation was made in good faith with no apparent purposes of defeating tax liability.

**4.**

By reason of the agreement of May 18, 1945, plaintiff Clifton, as transferee, paid 55% of the additional tax due the United States and plaintiff May paid the remaining 45%, said amounts being directly proportionate to the portion of the corporate assets distributed to each. These sums were paid on June 20, 1945.

**5.**

On June 20, 1945, plaintiff Clifton paid to the State of Georgia the sum of $336.75, by reason of the additional assessment of income tax for the years 1943 and 1944 against the American Art Metals Company by the State of Georgia. By reason of the same assessment, plaintiff May paid the State of Georgia the sum of $275.53, on June 20, 1945.

**6.**

On or before March 15, 1946, plaintiff Clifton filed his income tax return for the year 1945, disclosing an income tax liability of $16,360.33, which amount was subsequently paid. On or before March 15, 1946, plaintiff May filed his income tax return for the year 1945, disclosing an income tax liability of $13,052.71, which amount was subsequently paid.

**7.**

On or about November 13, 1946, the plaintiffs individually filed their claims for refunds of income taxes paid for 1945, asserting that the amounts paid by them on account of these deficiency assessments against the company were losses incurred in connection with a transaction originally entered into for profit within the meaning of Section 23(e)(2) of the Internal Revenue Code, 26 U.S.C.A. § 23(e)(2), and that said losses were incurred in 1945, the year of payment, and should have been deducted. They alleged that, because of the failure to claim such deductions, they had overpaid their taxes and were entitled to a refund.

**8.**

At the time these suits were filed, more than six months had elapsed since the filing of these claims for refund without action being taken thereon by the Commissioner of Internal Revenue.

Conclusions of Law.

**1.**

This Court has jurisdiction of the parties and the subject matter.

**2.**

The capital transaction was concluded in 1944 when the assets distributed became the taxpayers' property. Commissioner of Internal Revenue v. Switlik, 3 Cir., 184 F.2d 299.

**3.**

The payment by the plaintiffs of the additional taxes assessed against the corporation did not constitute a sale or exchange of capital assets so as to constitute losses incurred in connection therewith "capital losses" within the meaning of the Code. Commissioner of Internal Revenue v. Switlik, supra.

## 4.

The losses sustained by the taxpayers are ordinary losses sustained in 1945 and may be deducted pursuant to Section 23(e) (2) of the Internal Revenue Code. Commissioner of Internal Revenue v. Switlik, supra.

## 5.

The plaintiffs overpaid their income taxes for the year 1945 and are entitled to a refund of such overpayment.

Let the plaintiffs present judgments in accordance with the foregoing Findings of Fact and Conclusions of Law.